**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

HARLAN G. HOWELL, an individual,

        Plaintiff,

v.

THE NEENAN COMPANY, L.L.L.P., a Colorado limited liability limited partnership;
RANDOLPH P. MYERS, individually, as well as in his professional capacity as President of
THE NEENAN COMPANY, L.L.L.P.;
DOVETAIL SOLUTIONS, INC., a Colorado corporation;
ANDREW P. BOIAN, individually, as well as in his professional capacity as President of
DOVETAIL SOLUTIONS, INC.;
FORT COLLINS COLORADOAN, a Delaware corporation;
GANNETT CO., INC., a Virginia corporation;
VALLEY COURIER NEWSPAPER, a Delaware corporation;
NEWS MEDIA CORPORATION, an Illinois corporation;
FORT MORGAN TIMES, a Delaware corporation;
THE E.W. SCRIBBS COMPANY, a Delaware corporation; and,
LARSEN STRUCTURAL DESIGN, INC., a Colorado corporation.

        Defendants.

---

**VERIFIED COMPLAINT**

---

      **COMES NOW** the Plaintiff, HARLAN G. HOWELL, in his individual capacity, by and

through his undersigned counsel at the law offices of Bryan E. Kuhn, Counselor at Law, P.C.,

and states for his Verified Complaint as follows:

<u>**PARTIES**</u>

      1.    The Plaintiff, HARLAN G. HOWELL (hereinafter "Plaintiff" or "Mr. Howell"),

at all times pertinent to this Complaint has been a resident of Colorado with his home address

located at 4459 Quest Dr., Fort Collins, Colorado 80524-6035.

2.     Defendant, THE NEENAN COMPANY, L.L.L.P. (hereinafter "Defendant Neenan"), at all times pertinent to this Complaint has been a Colorado limited liability limited partnership with its principal offices located at 2620 E. Prospect Rd., Ste. 100, Fort Collins, Colorado  80525.

3.     Defendant, RANDOLPH P. MYERS (hereinafter "Defendant Myers"), at all times pertinent to this Complaint has been a Colorado resident with his home address located at 2350 Limon Drive, Apt. 100, Fort Collins, CO  80525-7622, and he is employed as President of Defendant Neenan.

4.     Defendant, DOVETAIL SOLUTIONS, INC. (hereinafter "Defendant Dovetail"), at all times pertinent to this Complaint has been a Colorado corporation with its principal offices located at 1407 Larimer Street, Ste. 200, Denver, CO  80202.

5.     Defendant, ANDREW P. BOIAN (hereinafter "Defendant Boian"), at all times pertinent to this Complaint has been a Colorado resident with his home address located at 1015 Bonnie Brae Blvd., Denver, CO  80209-5103, and he is employed as President of Defendant Dovetail.

6.     Defendant, FORT COLLINS COLORADOAN (hereinafter "Defendant Coloradoan"), at all times pertinent to this Complaint has been a Delaware corporation, with its principal offices located at 1300 Riverside Ave., Fort Collins, CO  80524-4353, doing business as a foreign corporation under the laws of Colorado.

7.     Defendant, GANNETT CO., INC.,  (hereinafter "Defendant Gannett"), at all times pertinent to this Complaint has been a Virginia corporation and the parent company of the

Defendant Coloradoan, with its principal office located at 1100 Wilson Blvd. Arlington, VA 22209-2249.

8.      Defendant, VALLEY COURIER NEWSPAPER (hereinafter "Defendant Valley Courier"), at all times pertinent to this Complaint has been a Delaware corporation, with its principal office located at 401 State Ave., Alamosa, CO  81101-2645.

9.      Defendant, NEWS MEDIA CORPORATION (hereinafter "Defendant News Media Corp."), at all times pertinent to this Complaint has been an Illinois corporation and parent company of Defendant Valley Courier, with its principal office located at 211 E. IL Route 38, Rochelle, IL  61068-2303.

10.      Defendant, FORT MORGAN TIMES (hereinafter "Defendant Fort Morgan Times"), at all times pertinent to this Complaint has been a Delaware corporation, with its principal office located at 329 Main Street, Fort Morgan, CO  80701-2108.

11.      Defendant, THE E.W. SCRIPPS COMPANY (hereinafter "Defendant E.W. Scripps Company), at all times pertinent to this Complaint has been a Delaware corporation and the parent company of Defendant Fort Morgan Times, with its principal office located at 312 Walnut St., Ste. 1800, Cincinnati, OH  45202-4060.

12.      Defendant, LARSEN STRUCTURAL DESIGN, INC. (hereinafter "Defendant Larsen"), at all times pertinent to this Complaint has been a Colorado corporation, with its principal office located at 10820 Prima Drive, Fort Collins, CO  80524.

## JURISDICTIONAL ALLEGATIONS

13.      This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, because the matter in controversy is between citizens of different States.

14.     In addition, a substantial part of all the events, transactions, acts and omissions pertinent to this action occurred within the District of Colorado, and those parties not subject to diversity jurisdiction are located or can be found for the purposes of service therein.

15.     The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

16.     Venue is proper pursuant to 28 U.S.C. § 1391 (b) and (c).

## FACTUAL ALLEGATIONS

17.     The Plaintiff, Mr. Howell, was previously employed by Defendant Neenan, a Fort Collins design-and-build contractor, as a Senior Structural Engineer from December 31, 2007 to November 21, 2011.  Mr. Howell had previously worked for Defendant Neenan as an independent contractor for approximately twelve (12) years before commencing his tenure as an employee.

18.     Plaintiff obtained his Bachelor of Science in Architectural Engineering from the University of Colorado at Boulder in 1972.

19.     Plaintiff became licensed to practice as a professional engineer ("PE") in the state of Colorado on October 14, 1976, with corresponding license number 14429.  Plaintiff's license was expired from October 31, 2007 until it was reinstated on February 26, 2009.

20.     Plaintiff is currently licensed as a PE in both Colorado and Wyoming.

21.     Plaintiff is the past Director, Business Practice Committee Member and former President of the Structural Engineers Association of Colorado.

22.     Plaintiff also has a professional membership with the American Institute of Steel Construction.

23.     In 1987, Mr. Howell co-authored A Guide for Structural Engineering Services in Colorado, A Recommended Standard of Practice.

24.     On or about April 15, 2008, Meeker School District RE-1 (the "school district") contracted with Defendant Neenan, under a Services Agreement, to assist with evaluating options for construction of a new Meeker Elementary School and improvements to two existing schools in Meeker, and Defendant Neenan prepared a proposal that the school district could take to voters.

25.     Several months later, Meeker voters approved a $24 million dollar bond issue to build a new elementary school and perform reconstruction on the middle school and high school.

26.     The school board subsequently hired a representative to oversee the build out of the pending construction project, and the school district entered into a design and construction contract with Defendant Neenan for completion of the construction.

27.     During the Summer of 2008, Buckhorn Geotch, Inc. performed an investigation of site and subsurface conditions for the Meeker elementary school, the results of which were reduced to Shane M. Duckworth, P.E.'s August 5, 2008 letter to Mr. Dan Evig, Superintendent at that time for the school district.

28.     Mr. Duckworth's August 5th letter states that the proposed elementary school site is underlain by Residuum on Mancos Shale, consisting of typically one to two meters of grey silt and clay weathered in place from the underlying shale, and that the United States Geological Survey warns that this material is landslide susceptible, and may yield significant swell pressures.  In conclusion, Mr. Duckworth concurred with Defendant Neenan that the most prudent foundation system for the building would be a deep foundation system that will carry the

structural load to competent material at depth, and for preliminary design purposes, Mr.

Duckworth provided design parameters for drilled caissons.

29.     Then, on or about February 19, 2009, Tomas J. Nevin, P.E. with Terracon

Consultants, Inc. prepared a Revised Geotechnical Engineering Report for the school district

after completing a geotechnical engineering exploration for the proposed Meeker elementary

school.

30.     The results of Mr. Nevin's report concluded that the proposed elementary school

be supported on deep foundation such as drilled piers, screw piles or micropiles.  Alternatively,

the report states that a spread footing foundation system could be acceptable if the owner is

willing to accept more risk of movement.  Structural floor systems were also recommended for

the interior floor system of the buildings utilizing drilled pier foundation systems, with slab-on-

grade as an alternative interior floor system, again, if the owner is willing to accept risk of more

movement.

31.     Defendant Neenan subsequently commenced construction on the approximately

63,300 square foot elementary school in Meeker, Colorado.

32.     Vulcraft provided the steel joists and decking, Stresscon provided the precast

concrete walls, Terracon prepared the geotechnical report, and Front Range Steel provided the

structural steel.

33.     The existing structure is a two story school with pitched steel bar joist roof.  The

second flood is steel framed with a 5" concrete slab on composite steel deck, and the foundation

system is a convention spread footing system.  The exterior walls are either precast concrete

walls or light gage framing.

34.     However, on or about October 4, 2010, while maintenance was being performed on the Meeker elementary school roof workers noticed that dirt piled against the outside of a gym wall had caused that wall to shift.

35.     Based upon information and belief, in a letter sent to the Colorado Department of Safety, roof-joist seats connected to the top of the precast wall had failed, requiring the gym to be closed for more than a month while Defendant Neenan made repairs and built a retaining wall to push soil away from the building.

36.     The school district then hired a third-party structural engineer, Mr. Luke Studer, to ensure that the repair work performed was completed correctly and that the building remained safe for its students.

37.     Mr. Studer eventually signed off on the repair work performed to the gym, but he noticed at that time that the details in the gym roof were very similar to the rest of the building, raising concern in his mind as to how the design would resist lateral loads from high winds and inclement weather.

38.     Howell was fired on November 21, 2011, the same day the state Department of Regulatory Agencies announced its investigation into possible substandard engineering on Meeker's grade school.

39.     On or about November 20, 2011, the Denver Post reported that, "[Randolph] Myers said Neenan still cannot explain why Howell, its structural engineer, designed the building improperly."

40.     On or about November 22, 2011, the Valley Courier reported that, "The article exposed Gary Howell, an engineer formerly employed by The Neenan Company, the architectural firm that built the Alamosa Elementary School, for negligent practices."

41.     On or about November 29, 2011, the Valley Courier also reported that, "Last week, Alejo released a response in defense of the Alamosa Elementary School's safety because of an article published in the Denver Sunday Post titled 'School unsafe, unsound Meeker Elementary.'  The article exposed Howell's negligent practices."

42.     On or about December 21, 2011, the Denver Post reported that, "[Andy] Boian notified the school after an independent structural review determined that the engineer on the project, Gary Howell, had not designed the beam to the proper building load.  'Gary Howell was responsible for this," Boian said.  'It was a miscalculation by Gary Howell."

43.     On or about December 22, 2011, the Fort Morgan Times also reported that, "[Andy] Boian notified the school after an independent structural review determined that the engineer on the project, Gary Howell, had not designed the beam to the proper building load.  'Gary Howell was responsible for this," Boian said.  'It was a miscalculation by Gary Howell."

44.     On or about February 12, 2012, the Coloradoan reported that, "The issues were traced back to Neenan engineer Gary Howell, who used incorrect safety standards when engineering the building."

45.     On or about February 13, 2012 the Denver Post reported that "Andy Boian, a spokesman for Neenan, said a review [of the Meeker Elementary School] had already been scheduled because all of Howell's work at Neenan is being scrutinized."

46.     On or about July 15, 2012, DORA and Mr. Howell entered into a voluntary session of practice agreement in lieu of a summary suspension pursuant to 24-4-104(4), C.R.S., pending further evaluation and investigation as to Mr. Howell's work in connection with the Meeker Elementary School.

47.     On or about August 27, 2012, the Plaintiff had applied for work in his profession to Defendant Larsen through a professional placement agency but was informed that Defendant Larsen was not interested in him as a candidate.

48.     When Plaintiff inquired as to why, the recruiter sent him an e-mail with Defendant Larsen's response to Plaintiff's application for employment stating, "I am currently involved in repairing multiple projects that this individual designed incorrectly.  He used to work for The Neenan Company, and because of his bad designs, he has cost that company millions of dollars in repairs."

## FIRST CLAIM FOR RELIEF
### (Defamation Per Se – Against Defendant Valley Courier and Defendant News Media Corp.)

49.     Plaintiff incorporates by reference paragraphs 1 through 48 as if fully set forth herein

50.     On or about November 22, 2011, Defendant Valley Courier, published a newspaper article in Alamosa, Colorado entitled "School Building Under Scrutiny," and stating that "The article exposed Gary Howell, an Engineer formerly employed by The Neenan Company, the architectural firm that built the Alamosa Elementary School, for negligent practices."

51.     The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

52.     The defamatory statement was published to numerous third parties other than the Plaintiff.

53.     Defendant Valley Courier made the statement accusing Plaintiff of performing negligent practices in his profession with knowledge that the statement was false or with reckless disregard for whether it was true or false.

54.     As a direct, proximate, and foreseeable result of the Defendant's false and defamatory statement set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

### SECOND CLAIM FOR RELIEF
#### *(Defamation Per Se – Against Defendants Valley Courier and Defendant News Media Corp.)*

55.     Plaintiff incorporates by reference paragraphs 1 through 54 as if fully set forth herein.

56.     On or about November 29, 2011, Defendant Valley Courier, published a newspaper article in Alamosa, Colorado entitled "Negligent Engineer Worked in Valley," and stating that "Last week, Alejo released a response in defense of the Alamosa Elementary School's safety because of an article published in the Denver Sunday Post The article exposed Gary Howell, an Engineer formerly employed by The Neenan Company, the architectural firm that built the Alamosa Elementary School, for negligent practices."

57. The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

58. The defamatory statement was published to numerous third parties other than the Plaintiff.

59. Defendant Valley Courier made the statement accusing Plaintiff of performing negligent practices in his profession with knowledge that the statement was false or with reckless disregard for whether it was true or false.

60. As a direct, proximate, and foreseeable result of the Defendant's false and defamatory statement set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

### THIRD CLAIM FOR RELIEF
***(Defamation Per Se – Against Defendants Randolph Myers and The Neenan Company)***

61. Plaintiff incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62. On or about November 20, 2011, the Denver Post published a newspaper article entitled "School Unsafe, Unsound Meeker Elementary, Designed to Standard Used for Sheds, Shut Down After Its First Year," and quoted Defendant Myers in his official capacity as President of The Neenan Company stating that "Myers said Neenan still cannot explain why Howell, its structural engineer, designed the building improperly."

63. The statement is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

64.     The defamatory statement was published to numerous third parties other than the Plaintiff.

65.     Defendant Meyers and Defendant Neenan made the statement accusing Plaintiff of improperly designing the Meeker Elementary School in his profession with knowledge that the statement was false or with reckless disregard for whether it was true or false.

66.     As a direct, proximate, and foreseeable result of the Defendants' false and defamatory statement set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### *(Defamation Per Se – Against Defendants Andy Boian, Dovetail Solutions, Inc., Fort Morgan Times, and the E.W. Scripps Company)*

67.     Plaintiff incorporates by reference paragraphs 1 through 66 as if fully set forth herein.

68.     On or about December 22, 2011, the Defendant Fort Morgan Times published a newspaper article entitled "Issues Surface at Another Neenan School," and quoted Defendant Boian, as President of Defendant Dovetail stating that, "Boian said Neenan notified the school after an independent structural review determined that the engineer on the project, Gary Howell, had not designed the beam to the proper building load.  'Gary Howell was responsible for this,' Boian said.  'It was a miscalculation by Gary Howell.' "

69.     The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

70.     The defamatory statement was published to numerous third parties other than the Plaintiff.

71.     Defendants made the statements accusing Plaintiff of making a miscalculation in the design of the Meeker Elementary School in his profession with knowledge that the statement was false or with reckless disregard for whether it was true or false.

72.     As a direct, proximate, and foreseeable result of the Defendants' false and defamatory statements set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### *(Defamation Per Se – Against Defendants the Fort Collins Coloradoan and the Gannett Co., Inc.)*

73.     Plaintiff incorporates by reference paragraphs 1 through 72 as if fully set forth herein.

74.     On or about February 12, 2012, Defendant the Coloradoan published a newspaper article entitled "Neenan Acknowledges, Promises to Fix School Deficiencies," stating that "The issues were traced back to Neenan engineer Gary Howell, who used incorrect safety standards when engineering the building."

75.     The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

76.     The defamatory statement was published to numerous third parties other than the Plaintiff.

77.     Defendants made the statement accusing Plaintiff of using incorrect safety standards when engineering the Meeker Elementary School in his profession with knowledge that the statement was false or with reckless disregard for whether it was true or false.

78.     As a direct, proximate, and foreseeable result of the Defendants' false and defamatory statement set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF
### *(Defamation Per Se – Against Defendants Andy Boian and Dovetail Solutions, Inc.)*

79.     Plaintiff incorporates by reference paragraphs 1 through 78 as if fully set forth herein.

80.     On or about February 13, 2012, the Denver Post published a newspaper article entitled "Fort Collins Company Neenan Stands by Designs, Buildings After Outside Firm Finds Issues in Hospital Center," and quoted Defendant Boian, as President of Dovetail Solutions, Inc. stating that, "Andy Boian, a spokesman for Neenan, said a review already had been scheduled because all of Howell's work at Neenan is being scrutinized."

81.     The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

82.     The defamatory statement was published to numerous third parties other than the Plaintiff.

83.     Defendant Boian and Defendant Dovetail made the statements accusing all of Plaintiff's work of needing to be scrutinized in his professional career with Defendant Neenan

with knowledge that the statement was false or with reckless disregard for whether it was true or false.

84.    As a direct, proximate, and foreseeable result of the Defendants' false and defamatory statements set forth above, the Plaintiff has suffered damages in an amount to be proven at trial.

## SEVENTH CLAIM FOR RELIEF
### *(Defamation Per Se – Against Defendant Larsen Structural Design, Inc.)*

85.    Plaintiff incorporates by reference paragraphs 1 through 84 as if fully set forth herein.

86.    On or about August 27, 2012, Defendant Larsen published an e-mail to Plaintiff's professional recruiter stating that, "I am currently involved in repairing multiple projects that this individual designed incorrectly.  He used to work for The Neenan Company, and because of his bad designs, he has cost that company millions of dollars in repairs."

87.    The article is defamatory of the Plaintiff's trade, business, or profession, and no extrinsic evidence is needed to show how it might be taken as concerning the Plaintiff or how it is defaming of him in his trade or business.

88.    The defamatory statement was published to third parties other than the Plaintiff.

89.    Defendant Larsen made the statement accusing Plaintiff of incorrectly designing multiple projects during the course of his employment with Defendant Neenan, and alleging that Plaintiff's "bad designs" have cost the company millions of dollars in repairs with knowledge that the statements were false or with reckless disregard for whether they were true or false.

90.     As a direct, proximate, and foreseeable result of the Defendant's false and defamatory statements set forth above, the Plaintiff has suffered damages in an amount to be proven at trial

## EIGHTH CLAIM FOR RELIEF
### *(Intentional Infliction of Emotional Distress – Against All Defendants)*

91.     Plaintiff incorporates by reference paragraphs 1 through 90 as if fully set forth herein.

92.     By making false allegations against the Plaintiff in his professional career that Defendants knew or should have known to be false and without merit, the Defendants engaged in extreme and outrageous conduct.

93.     Defendants made the false allegations concerning Plaintiff's work product with the intent of causing Plaintiff severe emotional distress.

94.     Defendants' wrongful and outrageous conduct has caused Plaintiff to suffer severe emotional distress, including but not limited to sleeplessness, anxiety, and worry stemming from the threat of not being able to practice in his profession, loss of reputation, loss of employability, and loss of employment.

## NINTH CLAIM FOR RELIEF
### *(Respondeat Superior – Against Defendant The Neenan Company)*

95.     Plaintiff incorporates by reference paragraphs 1 through 94 as if fully set forth herein.

96.     At all relevant times mentioned herein, Defendant Myers was employed by Defendant Neenan.

97.      At all relevant times mentioned herein, the tortious acts committed by Defendant Myers occurred in the course and scope of his employment with Defendant Neenan.

98.      Accordingly, Defendant Neenan is vicariously liable for the wrongful acts committed by Defendant Myers in the course and scope of his employment as a President of Defendant Neenan.

99.      As a direct, proximate, and foreseeable result of Defendant's words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

**TENTH CLAIM FOR RELIEF**
*(Respondeat Superior – Against Defendant Dovetail Solutions, Inc.)*

100.      Plaintiff incorporates by reference paragraphs 1 through 99 as if fully set forth herein.

101.      At all relevant times mentioned herein, Defendant Boian was employed by Defendant Dovetail.

102.      At all relevant times mentioned herein, the tortious acts committed by Defendant Boian occurred in the course and scope of his employment with Defendant Dovetail.

103.      Accordingly, Defendant Dovetail is vicariously liable for the wrongful acts committed by Defendant Boian in the course and scope of his employment as a President of Defendant Dovetail.

104.      As a direct, proximate, and foreseeable result of Defendant's words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

## ELEVENTH CLAIM FOR RELIEF
### *(Respondeat Superior – Against Defendant Gannett Company, Inc.)*

105.    Plaintiff incorporates by reference paragraphs 1 through 104 as if fully set forth herein.

106.    At all relevant times mentioned herein, Defendant Coloradoan was employed by Defendant Gannett.

107.    At all relevant times mentioned herein, the tortious acts committed by Defendant Coloradoan occurred in the course and scope of its employment with Defendant Gannett.

108.    Accordingly, Defendant Gannett is vicariously liable for the wrongful acts committed by Defendant Coloradoan in the course and scope of its employment as a subsidiary of Defendant Gannett.

109.    As a direct, proximate, and foreseeable result of Defendant's words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

## TWELFTH CLAIM FOR RELIEF
### *(Respondeat Superior – Against Defendant E.W. Scripps Co.)*

110.    Plaintiff incorporates by reference paragraphs 1 through 109 as if fully set forth herein.

111.    At all relevant times mentioned herein, Defendant Fort Morgan Times was employed by Defendant E.W. Scripps Company.

112.    At all relevant times mentioned herein, the tortious acts committed by Defendant Fort Morgan Times occurred in the course and scope of its employment with Defendant E.W. Scripps Company.

113.     Accordingly, Defendant E.W. Scripps Company is vicariously liable for the wrongful acts committed by Defendant Fort Morgan Times in the course and scope of its employment as a subsidiary of Defendant E.W. Scripps Company.

114.     As a direct, proximate, and foreseeable result of Defendant's words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial.

## THIRTEENTH CLAIM FOR RELIEF
### *(Respondeat Superior – Against Defendant News Media Corp.)*

115.     Plaintiff incorporates by reference paragraphs 1 through 114 as if fully set forth herein.

116.     At all relevant times mentioned herein, Defendant Valley Courier was employed by Defendant News Media Corp.

117.     At all relevant times mentioned herein, the tortious acts committed by Defendant Valley Courier occurred in the course and scope of its employment with Defendant News Media Corp.

118.     Accordingly, Defendant News Media Corp. is vicariously liable for the wrongful acts committed by Defendant Valley Courier in the course and scope of its employment as a subsidiary of Defendant News Media Corp.

119.     As a direct, proximate, and foreseeable result of Defendant's words and/or conduct, the Plaintiff has suffered damages in an amount to be proven at trial

WHEREFORE, Plaintiff respectfully prays that judgment be entered in his favor and against Defendants in an amount sufficient to fully compensate him for his damages, together with interest from the date of loss, to the full extent as my be permitted by law, including by way of description but not limitation, back pay, front pay, lost wages, loss of reputation, personal

humiliation, mental anguish, exemplary damages if and to the extent allowed by law,

consequential damages, costs and reasonable attorney's fees as allowed by law, including all

special damages, any relevant applicable statutory damages, and loss of future earnings to be

proven at trial on all Claims for Relief; for a preliminary injunction and permanent injunction

prohibiting Defendants from engaging in further defamatory conduct against the Plaintiff; and,

such other relief as this Court deems just and proper under the circumstances.

## **JURY DEMAND**

The Plaintiff hereby demands a trial by jury of all issues so triable in the above said

matter.

Respectfully submitted this 20th day of November 2012.

BRYAN E. KUHN, COUNSELOR AT LAW, P.C.

*Original pleading bearing original signature maintained in the offices of Bryan E. Kuhn, Counselor at law, P.C.*

s/ Bryan E. Kuhn
Bryan E. Kuhn, Esq., M.B.A., #33642
ATTORNEYS FOR PLAINTIFF
1660 Lincoln Street, Ste. 2330
Denver, CO  80264
(p) (303) 424-4286  / (f) (303) 425-4013
Bryan.Kuhn@beklegal.com

VERIFICATION

STATE OF COLORADO    )
                              )  ss.
COUNTY OF LARIMER    )

      I, Harlan G. Howell, am of lawful age.  I am the Plaintiff in the above-captioned civil action.  I have read the foregoing Verified Complaint and state that all the facts and statements contained therein are true and correct to the best of my knowledge, information and belief.

Date:  November 20, 2012.

                                                     Harlan G. Howell

Subscribed and sworn before me this 20th day of November 2012.

My commission expires:  7. 15. 2015

                                            Notary Public